Hall *v.* Marsh & others.

RUFUS C. HALL *vs.* JOHN J. MARSH & others.

A judge of probate and insolvency has no legal authority to expunge a claim which has been duly proved and allowed before him against the estate of an insolvent debtor, at a meeting subsequent to that at which the claim was proved, and without the consent of the creditor who proved it.

BILL IN EQUITY setting forth that the plaintiff duly proved against the estate of Bradley & Ordway, insolvent debtors, a note made by them, payable to George W. Lee, and indorsed to the plaintiff; and that at a subsequent meeting, upon the petition of the assignees in insolvency of the estate of said Lee, the judge of probate and insolvency ordered the proof in favor of he plaintiff to be expunged, and that said assignees had asked .eave to prove said note in their own names. The prayer was that the order expunging the proof of the note by the plaintiff might be reversed, and that said assignees might be enjoined

from proving the same. The answer of the judge of insolvency, admitting the fact of the expunction, set forth that it was made to appear to him judicially that the transfer of the note by Lee to the plaintiff was fraudulent and void.

At the hearing in this court, before *Gray*, J., it appeared that at the hearing before the judge of probate and insolvency upon the petition of the assignees to expunge the claim of the plaintiff no evidence was introduced except upon the point that the plaintiff had been summoned to appear and had failed to appear before that court, and the circumstances attending his neglect or refusal so to appear. The case was reserved upon the bill, answer, and the fact above stated, for the determination of the whole court.

*E. Avery*, for the plaintiff, cited *Merriam* v. *Sewall*, 8 Gray 320; *Stearns* v. *Kellogg*, 1 Cush. 449; *Hill* v. *Hersey*, 1 Gray 584; *Harlow* v. *Tufts*, 4 Cush. 448; *Eastman* v. *Foster*, 8 Met 19; *Barnard* v. *Eaton*, 2 Cush. 294.

*S. B. Ives, Jr.*, for the defendants, cited *Hill* v. *Hersey*, 1 Gray, 584; *Agawam Bank* v. *Morris*, 4 Cush. 99, 104.

HOAR, J. The first question which presents itself in this case is, whether a judge of probate and insolvency has legal author ity to expunge a claim which has been duly proved and allowed before him against the estate of an insolvent debtor, at a meeting subsequent to that at which the claim is proved, and without the consent of the creditor who proved it? In *Agawam Bank* v. *Morris*, 4 Cush. 99, 104, the question was suggested, but it was found unnecessary then to decide it. In *Hill* v. *Hersey*, 1 Gray, 584, it was held that this court, under its general superintendence and jurisdiction as a court of chancery, has the power to expunge a fraudulent claim, on the petition of the assignee. The opinion there delivered by Mr. Justice Thomas contains a strong implication that the power can only be exercised by this court; and such is now our decision.

The authority is certainly not expressly given to the judge of probate and insolvency by any statute. Nor do the insolvent laws confer upon him any general powers of a court of equity The rules which regulate the proof of debts are very minute and

specific ; an appeal is given from the allowance or disallowance of a claim, which must be taken within a limited time ; and a broad original jurisdiction is given to this court as a court of equity, for the purpose of supervision and correction of errors, extending to all cases for which no other provision is made. To allow the judge of probate and insolvency to expunge the proof of a claim from which no appeal had been taken by the assignee would render the limitation of the time for taking the appeal of little value.

It is true that a creditor who had proved a claim by accident or mistake may be permitted to withdraw it in the court of insolvency ; and for some purposes may withdraw it without permission. *Bemis* v. *Smith,* 10 Met. 194. *Safford* v. *Slade,* 11 Cush. 29. But unless the rights of some other party have become involved, the withdrawal of a claim is a matter in which no one has any interest except the creditor who proved it ; and it differs wholly from the expunging of a claim against the will of its owner. The latter proceeding is in the nature of a review of a suit in which judgment has been entered ; and would require the express conferring of authority by the legislature to sanction it.

The conclusion to which we have arrived, that the judge of probate and insolvency had no power to make the order complained of, renders it unnecessary to discuss the correctness of the mode in which the supposed power was exercised. The decree expunging the proof of the petitioner must be set aside and annulled.